IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN KIRKLAND,
Inmate # R22098,
    Petitioner,

vs.                                                        Case No.:  3:14cv11/MCR/EMT

JULIE L. JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

      Before the court is a second amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, in which Petitioner challenges disciplinary action taken against him by the Florida Department of Corrections ("FDOC") on May 17, 2012 (DR Log #401-120484) for battery or attempted battery on a correctional officer, which resulted in Petitioner's placement in disciplinary confinement for sixty (60) days (*see* doc. 18 at 5–8; *see also* doc. 22, Ex. 1).  Petitioner additionally contends the disciplinary action resulted in his placement on Close Management II ("CM II") status, which is a restrictive custody status in the FDOC (*see* doc. 18 at 5–8; doc. 22, Ex. 2).[1]  Respondent filed an answer to the petition with relevant portions of the administrative record (doc. 22, Exhibits). Petitioner filed a reply (doc. 24).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see*

---

[1] Close Management ("CM") is defined by DOC rules as "the confinement of an inmate apart from the general population, for reasons of security or the order and effective management of the institution, where the inmate, through his or her behavior, has demonstrated an inability to live in the general population without abusing the rights and privileges of others.  *See* Fla. Admin. Code r. 33-601.101(1)(d) (2010).  There are three individual levels associated with close management, with CMI being the most restrictive single cell housing level and CMIII being the least restrictive housing of the three CM levels.  *Id.*, r. 33-601.101(1)(e).

*also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that this action is moot and, therefore, should be dismissed for lack of jurisdiction.

I.   PETITIONER'S CLAIMS

In his second amended petition, Petitioner challenges disciplinary action taken against him on May 11, 2012, DR Log #401-120484, as well as his placement on Close Management, on the following grounds:

> Ground One: "I am being illegally detain [sic] unlawfuly [sic] in punitive segregation (CM) status base [sic] on no substantial evidence to support the claim [sic] assault battery [sic] on staff, that warrant [sic] lengthy close management segregation; I continue to be deprive [sic] of my liberty at the hands of prison officials, who concoct false infractions to keep me indefinately [sic] on CM."
>
> Ground Two: "Prison official Christopher Barnett made fraudulent retaliatory disciplinary charges against me to cover up his unlawful actions involving sexually assaulting me, unwanted sexual advances, and unlawful use of force, as well as to have me place [sic] on CM punitive confinement for having expose [sic] his misconduct."
>
> Ground Three: "Prison officials deliberately continue to concoct false disciplinary infractions to further their agenda, in retaliation against me for having commence [sic] the filing of 42 U.S.C. § 1983 against [sic] prison officials, not only do they give me numerious [sic] false infraction disciplinary reports to further their agenda of keeping me indefinately [sic] in punitive segregation CM status."

(doc. 18 at 5–8). As relief, Petitioner seeks release from CM status and transfer to a correctional facility in the FDOC's Region III (specifically, the South Florida Reception Center, Dade Correctional Institution, or South Bay Correctional Institution) (*id.* at 14).

II.   DISCUSSION

"[I]t is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus because such release falls into the category of 'fact or duration of . . . physical imprisonment.'" Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003) (quotation marks and citation omitted). "[A] habeas petitioner who has been released

from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot." Mattern v. Sec'y for Dep't of Corr., 494 F.3d 1282, 1285 (11th Cir. 2007). In circumstances analogous to those here, the Supreme Court held that a habeas petition challenging the validity of a parole revocation was rendered moot by the expiration of the petitioner's parole revocation sentence during the pendency of the habeas proceeding. *See* Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). In Spencer, a state prisoner filed a federal habeas petition seeking to invalidate an order revoking his parole on the grounds that he was denied due process in the parole revocation proceeding. During the pendency of the habeas proceeding, Spencer completed his term of imprisonment underlying the parole revocation, was re-released on parole and, two months after that, the term of his imprisonment expired. The district court dismissed the petition, and the United States Court of Appeals for the Eighth Circuit affirmed, concluding that Spencer's claim had become moot because he suffered no "collateral consequences" of the revocation order. 523 U.S. at 5–6. The Supreme Court agreed that Spencer's challenge to the parole revocation order was moot, explaining:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies [Article III's] case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

Spencer, 523 U.S. at 7 (citing Carafas v. LaVallee, 391 U.S. 234, 237–38, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968)). The Court held that although it had been willing to presume the existence of collateral consequences when a petition challenged the validity of a criminal conviction, it would not extend that presumption to a petition challenging the validity of a parole revocation. Instead, when a petitioner attacking the termination of his parole status was released from custody due to the expiration of his parole revocation sentence during the pendency of his habeas proceeding, the petitioner must prove the existence of continuing "collateral consequences" of the parole revocation in order to meet Article III's standing requirement. Spencer, 523 U.S. at 14; *see also* Lane v. Williams, 455 U.S. 624, 631, 102 S. Ct. 1322, 71 L. Ed. 2d 508 (1982) (involving due process

challenge to parole term that became moot when petitioner's parole term ended while the case was on appeal to the Sixth Circuit). The Court rejected Spencer's arguments that there were a number of possible injuries he could suffer in the future on account of the parole revocation, finding that Spencer's asserted injuries were mere possibilities as opposed to certainties. Spencer, 523 U.S. at 14–18 (rejecting petitioner's assertions that he continued to suffer collateral consequences of his parole revocation because the revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, or might be used against him in subsequent proceedings in which he might appear as a witness or defendant; the asserted injuries were not concrete injuries-in-fact sufficient to satisfy Article III's case-or-controversy requirement).

Here, Petitioner does not attack his underlying state court conviction; rather, he attacks only the disciplinary decision and his continued placement on Close Management custody status. Upon information provided by the FDOC, Petitioner was unconditionally released from the FDOC on March 6, 2015 (*see* doc. 29). *See* Florida Department of Corrections, http://www.dc.state.fl.us/ (last visited April 14, 2015) (follow "Offender Search" hyperlink; then follow "Inmate Release Information Search" hyperlink; then submit R22098 in "DC Number" search field). Petitioner's placement in disciplinary confinement and on a more restrictive custody level than the general population are now over, and cannot be undone. Subsistence of this suit requires, therefore, that Petitioner prove continuing "collateral consequences" of the disciplinary conviction and placement on CM. On March 10, 2015, the court issued an order providing Petitioner an opportunity to show that this habeas action was not subject to dismissal as moot (*see* doc. 26). Petitioner failed to respond to the order.

Because Petitioner challenges only his 60-day placement in disciplinary confinement and his continuation on CM status, and he is no longer incarcerated, his application for habeas relief is moot. *See* Spencer, 523 U.S. at 14; Medberry, 351 F.3d at 1053–54 (prisoner's challenge to placement in administrative segregation was moot when filed because he completed imposed term of administrative segregation before he filed habeas petition); *see also* Hernandez v. Wainwright, 796 F.2d 389 (11th Cir. 1986) (prisoner's challenge to calculation of gain time credits was mooted by release; prisoner challenged length rather than fact of confinement, and the length of confinement

would have no collateral consequences); Doss v. Crosby, 357 F. Supp. 2d 1334 (N.D. Fla. 2005) (prisoner's habeas petition, challenging prison disciplinary proceedings which resulted in the forfeiture of gain time, was rendered moot by prisoner's release on expiration of his sentence, regardless of whether petitioner's release removed the bar to any civil cause of action he might have, under § 1983 or otherwise, for challenging revocation of his gain time); *see also, e.g.*, Medberry v. Crosby, 135 F. App'x 333, 334 (11th Cir. 2005) (unpublished) (state prisoner's habeas petition, challenging placement on close management status because of disciplinary problems, was moot where it was not filed until more than one year after he was released from close management); Adamson v. McNeil, No. 3:08cv274/MCR/EMT, 2010 WL 4851201, at *2 (N.D. Fla. Oct. 13, 2010) (unpublished) (habeas corpus petition challenging disciplinary conviction, which resulted in 30-day placement in disciplinary confinement and upgrade to a more restrictive custody status, was rendered moot by prisoner's release from disciplinary confinement and release from more restrictive custody status), *Report and Recommendation Adopted by* 2010 WL 4851096, at *1 (N.D. Fla. Nov. 23, 2010) (unpublished); Stearns–Miller v. McNeil, No. 3:07cv222/MCR/EMT, 2008 WL 4164110, at *2–3 (N.D. Fla. Sept. 5, 2008) (unpublished) (because petitioner had completed term of disciplinary confinement at issue at time of filing habeas petition, his claims challenging disciplinary confinement were moot; likewise, petitioner's challenge to placement on close management was moot, since petitioner was released from close management during pendency of habeas action). Accordingly, this case must be dismissed.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Case No.:  3:14cv11/MCR/EMT

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this habeas action be **DISMISSED** for lack of jurisdiction.
2. That a certificate of appealability be **DENIED**.
3. That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 15th day of April 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**